UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.                        Case No:  2:24-MJ-1015-JES-NPM

PASCUAL FRANCISCO, JR.

---

## OPINION AND ORDER

This matter comes before the Court on the United States' Motion to Revoke Defendant's Pre-Trial Release Order (Doc. #17). Defendant filed his Response (Doc. #24) on February 29, 2024. For the reasons set forth below, the motion is denied.

### I.

Pursuant to 18 U.S.C. § 3145(a)(1), the United States seeks revocation of defendant Pascual Francisco, Jr.'s (Defendant) pre-trial release Appearance Bond & Order Setting Conditions of Release (Doc. #13) pending trial. The United States asserts that the statutory presumption of detention under 18 U.S.C. § 3142(e)(3)(A) has been satisfied, the presumption has not been rebutted, and the factors identified in 18 U.S.C. § 3142(g) strongly support detention.

The procedural history set forth by the United States is undisputed:

- On February 6, 2024, a Criminal Complaint was signed by a United States Magistrate Judge charging Defendant with possessing a machinegun in violation of 18 U.S.C. § 922(o) and distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1). A copy of the Criminal Complaint and its accompanying Affidavit is attached to the motion as Government's Exhibit One.

- On February 14, 2024, Defendant was arrested on an arrest warrant based on the Criminal Complaint.

- On February 15, 2024, Defendant made his initial appearance in federal court before a United States Magistrate Judge. (Doc. #10.)

- At the initial appearance, the United States moved for pre-trial detention and the Defendant, through counsel, sought conditions of release. (Doc. #9.)

- The Magistrate Judge held a detention hearing at the initial appearance. As directed by the Court (Doc. #21), the United States has filed the transcript of that detention hearing. (Doc. #22.)

- At the detention hearing, the Magistrate Judge found that the information proffered by defense counsel and the information in the Pretrial Services Report was sufficient to overcome the presumption relied upon by the United States.

(Doc. #22, p. 10.)  The Magistrate Judge then heard from the United States, which sought to detain Defendant as a danger to the community (but not as a flight risk).  The United States argued Defendant was a danger to the community because he was selling dangerous counterfeit Percocet pills and sold a functioning machine gun; he had a prior misdemeanor conviction involving violation of a court-ordered condition of release; and he lived at a residence where an ounce of cocaine was recently found and seized.  (Doc. #22, pp. 12-14.)

• The Magistrate Judge ordered the Defendant released on certain conditions set forth in an Appearance Bond & Order Setting Conditions of Release (Doc. #13).  The defendant was released from custody following the hearing.

## II.

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." United States v. Salerno, 481 U.S. 739, 755 (1987).  Detention is only appropriate when the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community...." 18 U.S.C. § 3142(e).  The government must establish a flight risk by a preponderance of evidence and the lack of safety by clear and convincing evidence.  United States v. King, 849 F.2d

485, 489 (11th Cir. 1988); <u>United States v. Medina</u>, 775 F.2d 1398, 1402 (11th Cir. 1985).  The Court must consider four factors in arriving at a detention/release decision: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings," and "whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law;" and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  18 U.S.C. § 3142(g).

In some cases, a statutory presumption of detention is applicable.  That statute provides:

> (3) Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed –
>
> (A) an offense for which a maximum term of imprisonment of ten years or more is

> prescribed under the Controlled Substances Act
> (21 U.S.C. 801 et seq.) ….

18 U.S.C. § 3142(e)(3)(A). To determine "whether the defendant has successfully rebutted the presumption created in subsection (e), the judicial officer is directed to the four-part catechism of subsection (g)." United States v. Hurtado, 779 F.2d 1467, 1479 (11th Cir. 1985). As noted earlier, § 3142(g) requires the judicial officer to consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); King, 849 F.2d at 488.

"If a person is ordered released by a magistrate judge . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145. The district court conducts a *de novo* review, Hurtado, 779 F.2d at 1481, by exercising its own "independent consideration of all facts properly before it," United States v. Gaviria, 828 F.2d 667, 670 (11th Cir. 1987). The district court need not conduct a hearing to comply with the requirements of Hurtado. Gaviria, at 670. The issue for the district court to decide is whether any condition or combination of conditions "will

reasonably assure the safety of any other person and the community…."  18 U.S.C. § 3142(f).

## III.

The United States argues that the statutory presumption in favor of pre-trial detention applies in this case and has not been rebutted by Defendant.  The United States is correct that the presumption applies (as Defendant concedes (Doc. #24, pp. 3-4)), but incorrect that it has not been rebutted.

Defendant is charged with violating 21 U.S.C. § 841(a)(1); the substance involved is para-Fluorofentanyl, a Schedule I controlled substance; and the statute carries a maximum punishment of 20 years imprisonment pursuant to 21 U.S.C. § 841(b)(1)(C). Therefore, the statutory presumption of detention applies in this case.

This presumption is rebuttable, however, and the burden of producing sufficient evidence to overcome the presumption is on Defendant.  Even if Defendant meets his burden of production, the presumption is not erased, but rather remains as "an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in section 3142(g)." King, 849 F.2d at 488.

The record in this case establishes the following:

- The evidence set forth in the Complaint and Affidavit establish probable cause that Defendant committed the charged

offenses, which involve a serious danger to the community. As the Affidavit attests, Defendant sold several thousand dollars' worth of drugs to an undercover officer. Defendant first sold approximately one ounce of cocaine to the officer, then sold 25 pills that were purported to be Percocet. These pills turned out to be a mixture of Acetaminophen and para-Fluorofentanyl, a highly potent synthetic opioid which is a Schedule I controlled substance and an analogue of Fentanyl. There is no evidence in the record that Defendant knew the "Percocet" was counterfeit or the chemical makeup of the counterfeit substance. Defendant also sold the undercover officer a firearm (equipped with a switch) which functioned as a fully automatic machinegun, with multiple magazines, including an extended magazine. The maximum statutory term of imprisonment for the machinegun charge is 10 years, and the maximum term for the drug charge is 20 years. The nature and circumstances of the charged offenses weigh in favor of detention.

• The weight of evidence against Defendant is substantial. Defendant personally handed drugs and a machinegun to an undercover law enforcement officer. Both the drugs and the firearm have been examined by government personnel, who confirmed the illicit nature of the drugs and the firing characteristics of the firearm. The Court is not convinced

by Defendant's argument that the apparent lack of video or photographic evidence diminishes the strength of the government's case. The weight of the evidence is a factor which favors detention.

- Defendant's personal characteristics are a mixed bag. Defendant is twenty-five years old, was born in Fort Myers, Florida, and is a lifelong resident of the local area. The home at which Defendant has resided in Fort Myers for the past six months was searched pursuant to a search warrant on February 14, 2024, following the defendant's arrest. Officers located and seized multiple controlled substances, including more than an ounce of cocaine and more than a quarter pound of marijuana. Defendant resides there with three cousins. Defendant's parents and three siblings reside in Lee County, Florida.

- Defendant is in good health but has been unemployed for the past seven months. Defendant's financial assets, as he reported to Pretrial Services, are minimal.

- Defendant reported to Pretrial Services that he is a social drinker but a long-time user of marijuana and opiates. A urinalysis of the specimen submitted by Defendant before his initial appearance was positive for the presence of both cocaine and cannabinoids. Defendant told Pretrial Services that he does not believe he needs substance abuse treatment.

Nothing in the record-evidence would support Defendant's belief that substance abuse treatment is not needed.

- Defendant has no prior felony convictions. Defendant has been arrested nine times since 2015, starting when he was 16 years old.

- Defendant's criminal history includes a previous conviction for willfully violating pretrial release conditions imposed in connection with a Lee County domestic violence battery case. The "victim" of this offense is reported to have voluntarily come to Defendant's residence, placing him in violation of a court order. The victim remains Defendant's girlfriend seven years later.

- Other than what may be inferred from the nature of the offenses, there is no evidence Defendant is a danger to the community. There is no evidence Defendant is a danger to any particular person. Pretrial Services recommended that Defendant be released on an unsecured bond with certain conditions.

Having conducted a *de novo* review of the evidence, the Court finds that Defendant has rebutted the presumption of detention and that the Government has failed to show by clear and convincing evidence that the Defendant poses a present danger to persons or to the community. Detention is only appropriate when the Court "finds that no condition or combination of conditions will

reasonably assure the appearance of the person as required and the safety of any other person and the community...." 18 U.S.C. § 3142(e).  Defendant has no prior felony convictions, and so was not on any type of court supervision at the time of the offenses. Defendant has never been convicted of a crime of violence, and there is no record-evidence that he knew about the ingredients of the counterfeit Percocet.  Defendant is a lifelong resident of the local community and has family support.  The conditions of release imposed by the Magistrate Judge adequately addressed the areas of concern identified in this case.

Accordingly, it is now

**ORDERED:**

The United States' Motion to Revoke Defendant's Pre-Trial Release Order (Doc. #17) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of March 2024.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record